■ BUSHWICK HOUSING SYSTEMS, INC., Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent.—Order of the Supreme Court, New York County (Eugene Nardelli, J.), entered on June 7, 1989, which, *inter alia,* granted the motion

by the New York City Housing Authority for summary judgment dismissing the complaint against it and denied plaintiff's cross motion for leave to amend the complaint as against the Authority, is unanimously affirmed, without costs and disbursements.

The record reveals that plaintiff's time for commencing the underlying action against the Authority for allegedly misrepresenting the subsurface conditions at a jobsite expired on December 10, 1987, as provided under the terms of the parties' contract of sale for the Bushwick II Public Housing Project. Nevertheless, plaintiff inexplicably waited until September 1, 1988 to institute litigation despite admittedly being aware of the true subsurface conditions of the project site in August of 1985, 16 months prior to the date that its time to bring an action had begun to run and 28 months before that time had expired. Accordingly, in view of plaintiff's actual knowledge. of the aforementioned conditions, the IAS court clearly did not commit reversible error in determining that plaintiff's newly raised assertions of intentional wrongdoing or fraudulent concealment did not estop the Authority from invoking the one-year time limitation contained in the parties' contract *(Triangle Underwriters v Honeywell, Inc.,* 457 F Supp 765, *affd in part and revd in part* 604 F2d 737; *Simcuski v Saeli,* 44 NY2d 442). Similarly, the IAS court appropriately exercised its discretion in denying plaintiff's motion for leave to amend its complaint to state the alleged fraudulent concealment and intentional wrongdoing of the Authority with more particularity *(Fahey v County of Ontario,* 44 NY2d 934). Concur—Murphy, P. J., Milonas, Rosenberger, Asch and Rubin, JJ.